### Nellie M. Staat, Defendant in Error, v. William H. Coughenour, Plaintiff in Error.

### Gen. No. 18,619.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH R. STEW-ART,· Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed May 20, 1914.

### Statement of the Case.

Motion by William H. Coughenour to set aside a default judgment entered against him in favor of Nellie M. Staat. To reverse an order overruling the motion, Coughenour prosecutes a writ of error.

LEWIS EDWARD DICKINSON, for plaintiff in error.

A. W. FULTON, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGMENT, § 132*—*when denial of motion to set aside default not an abuse of discretion.* On motion to set aside a default judgment entered for failure of defendant to file his appearance in pursuance of a rule on him to do so two weeks before the entry of the judgment, the action of the court in overruling the motion *held* not an abuse of discretion, it appearing that the motion was not made until twenty-eight days after the judgment was entered and no reason shown by the affidavit in support of the motion why

---

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

People v. Columbian Nat. Life Ins. Co., 187 Ill. App. 37.

defendant did not hire an attorney and have his appearance entered before the default and before the judgment was entered and where no meritorious defense is shown.

2. JUDGMENT, § 127*—*when essential to set aside a default judgment*. It is only where a meritorious defense exists and the default is not due to the negligence of the party defaulted that a judgment following such default will be set aside to let the party in to make a defense on the merits that by the exercise of diligence would have been presented before the default.